1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  bruce.celebrezze@sdma.com
   ROBERT N. BERG  Bar No. 99319
3  robert.berg@sdma.com
   DEAN J. MCELROY  Bar No. 213132
4  dean.mcelroy@sdma.com
   One Market Plaza
5  Steuart Tower, 8th Floor
   San Francisco, California 94105
6  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
7
   Attorneys for Defendant
8  TRANSCONTINENTAL INSURANCE COMPANY

9              UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11

12  FREDERICK MEISWINKEL, INC., a        CASE NO.
    California corporation
13
              Plaintiff,               **NOTICE OF REMOVAL OF CIVIL
14                                      ACTION TO UNITED STATES DISTRICT
                                        COURT FOR THE NORTHERN
15       v.                             DISTRICT OF CALIFORNIA**

16  TRANSCONTINENTAL INSURANCE          [Originally San Francisco County Superior
    COMPANY, a New York corporation; and Court, Case No. CGC-07-466605]
17  DOES  through 100, inclusive,

18            Defendants.

19

20  TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

21  DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

22       PLEASE TAKE NOTICE that defendant Transcontinental Insurance Company

23  ("Transcontinental") hereby removes the above-described action from the Superior Court for the

24  State of California, County of San Francisco, to the United States District Court for the Northern

25  District of California pursuant to the provisions of 28 U.S.C. § 1441, and respectfully alleges as

26  follows:

27       1.       Jurisdiction of this action is founded upon both 28 U.S.C. § 1332 and § 1441(a) as

28  the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1446461v1

-1-

1   and is between citizens of different states.

2       2.      On or about August 27, 2007, plaintiff Frederick Meiswinkel, Inc. filed a

3   complaint in the Superior Court, State of California, County of San Francisco, bearing case No.

4   CGC-07-466605, and naming as defendants Transcontinental Insurance Company, and Does 1

5   through 100, inclusive, which purports to allege causes of action for breach of contract, breach of

6   the implied covenant of good faith and fair dealing, and declaratory relief, and also seeks

7   attorneys' fees, punitive damages, and costs of suit.

8       3.      Transcontinental first received a copy of the complaint on September 4, 2007.

9   True and correct copies of all the documents received by Transcontinental, consisting of

10  plaintiff's complaint and the summons, are attached hereto as Exhibit A.

11      4.      Transcontinental has filed in the Superior Court for the State of California its

12  answer to the complaint. A copy of the answer is attached hereto as Exhibit B. No proceedings

13  have been had in the Superior Court for the State of California following receipt of the

14  complaint.

15      5.      This action is a civil action over which this Court has original jurisdiction under

16  28 U.S.C. § 1332, and is one which may be removed to this Court by Transcontinental pursuant

17  to the provisions of 28 U.S.C. § 1441(a), in that the matter in controversy exceeds the sum or

18  value of $75,000, exclusive of interest and costs, and is between citizens of different states.

19      6.      Plaintiff Frederick Meiswinkel, Inc. is a citizen of the State of California as

20  alleged in paragraph 1 of the complaint. Defendant Transcontinental Insurance Company is a

21  corporation duly incorporated in the State of New York, with its principal place of business in the

22  State of Illinois, and which is authorized to conduct business in the State of California as a

23  liability insurer.

24      7.      Plaintiff seeks to recover an amount, exclusive of interest and costs, which

25  exceeds the sum or value of $75,000. Plaintiff does not allege a specific dollar amount of

26  damages. However, plaintiff alleges that it is a defendant in an underlying, and ongoing,

27  construction defect action, that Transcontinental ceased providing plaintiff with a defense in that

28  action, and that, allegedly as a result, plaintiff "has sustained, and continues to sustain, actual and

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  substantial damages, including, but not limited to, unreimbursed attorney fees and defense costs."

2  (Complaint, ¶ 17.)  Plaintiff further alleges that "[a]s a further direct, and proximate legal result

3  of the defendant's conduct, plaintiff has been obligated to spend, or incur liability for, costs of

4  suit, attorney's fees and related expenses, including expert witness fees, in order to recover the

5  benefits due plaintiff [ ] under the defendant's policy of insurance." (Complaint, ¶ 25.)  Plaintiff

6  also seeks punitive damages "in an amount sufficient to deter and make an example of

7  defendant." (Complaint, Prayer for Relief, ¶ 8.)

8      WHEREFORE, TRANSCONTINENTAL INSURANCE COMPANY further gives

9  notice that the above-entitled action, now pending against it in the Superior Court for the State of

10  California, County of San Francisco, has been removed therefrom to this Court on grounds of

11  diversity of citizenship.

12  DATED: October 1, 2007                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

15                                    By: _____
16                                        Bruce D. Celebrezze
                                          Robert N. Berg
17                                        Dean J. McElroy
                                          Attorneys for Defendant
18                                        TRANSCONTINENTAL INSURANCE
                                          COMPANY

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

# EXHIBIT A

SEP. 26. 2007 10:46AM   CN  ONSTRUCTION DEFECT UNIT   NO. 976   P. 7/14

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 AUG 27  AM 11: 46

GORDON PARK - LI, CLERK

BY: _____
Deborah Steppe
DEPUTY CLERK

1   Clyde C. Greco, Jr., State Bar No. 085970  CASE MANAGEMENT CONFERENCE SET 2007
2   Peter J. Schulz, Esq., State Bar No. 167646
        LAW OFFICES
3   **GRECO & TRAFICANTE**      JAN 2,5 2008 .9:00 AM
    555 WEST BEECH STREET · SUITE 500
    SAN DIEGO, CALIFORNIA 92101
4     (619) 234-3660/FAX: 234-0626         DEPARTMENT 212

5   Attorneys for FREDERICK MEISWINKEL, INC. a California corporation

6                                           **SUMMONS ISSUED**

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  FREDERICK MEISWINKEL, INC.          Case No. **CGC-07-466605**
    a California corporation,

12

13          Plaintiff,                   **COMPLAINT FOR:**

14      v.                               1)   **BREACH OF CONTRACT -**
                                              **DUTY TO DEFEND;**
15  TRANSCONTINENTAL INSURANCE
    COMPANY, a New York corporation; and 2)   **BAD FAITH BREACH OF**
16  DOES 1 THROUGH 100, INCLUSIVE,           **CONTRACT - DUTY TO**
                                              **DEFEND;**
17          Defendants.
                                         3)   **DECLARATORY RELIEF**
18

19

20          PLAINTIFF, FREDERICK MEISWINKEL, INC., a California corporation, hereby alleges

21  as follows:

22          1.      Plaintiff, FREDERICK MEISWINKEL, INC. ("FMI") is a California corporation

23  with its principal place of business located in the State of California.

24          2.      Defendant TRANSCONTINENTAL INSURANCE COMPANY

25  ("TRANSCONTINENTAL") is a New York corporation with its principal place of business

26  located in Chicago, Illinois, and which is authorized to conduct business in the State of California

27  as a liability insurer.

28          3.      Plaintiff is unaware of the true names and capacity of Defendants sued herein as

F:\Meiswinkel\MZI-007\Pleading\Complaint PJS 082307.wpd          -1-

                                    COMPLAINT

SEP. 26. 2007 10:47AM    CN   ONSTRUCTION DEFECT UNIT                    NO. 976    P. 8/14

1    DOES 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, and hereby

2    designates such Defendants by such fictitious names. Plaintiff will amend this Complaint to

3    alleged true names and capacities of such fictitiously named Defendants when the same have been

4    ascertained.

5        4.     Venue is proper in the County of San Francisco because the contracts of insurance

6    were entered into with the plaintiff in the County of San Francisco, and because the events giving

7    rise to the bad faith breach of contract by the insurance companies occurred in the County of San

8    Francisco with the underlying litigation having been pending before the Superior Court for the

9    County of San Francisco.

10                               I.

11                       THE POLICES

12        5.     Plaintiff FMI has, as early as 1998, been insured, at the primary level, by defendant

13    TRANSCONTINENTAL as follows:

| Carrier | Policy Period | Policy No. | Limits |
|---|---|---|---|
| Transcontinental Ins. Co. (CNA) | 1/1/98-1/1/99 | C1 35653041 | $1M each occurrence $2M aggregate $2,500 deductible |
| Transcontinental Ins. Co. (CNA) | 1/1/99-1/1/00 | C1 35653041 | $1M each occurrence $2M aggregate $2,500 deductible |
| Transcontinental Ins. Co. (CNA) | 1/1/00-1/1/01 | C1 35653041 | $1M each occurrence $2M aggregate $2,500 deductible |

21
22        These policies will hereinafter be referred to as the TRANSCONTINENTAL POLICIES.

23                             II.

24                THE UNDERLYING LITIGATION

25        6.     The "Underlying Litigation" is a construction defect case involving a twin towered,

26    233-unit steel-framed condominium complex. It is a consolidation of three actions under San

27    Francisco Superior Court Case No. CGC 04-42955. The three original actions were: 88 King

28    Street v. Pacific Coast Building Products; 88 King Street v. Frederick Meiswinkel, Inc.; and

1   88 King Street v. Dillingham Construction Holdings. The towers, one 13 stories and one 14

2   stories, were constructed as apartments in 1998-2000 by Nielsen Dillingham Builders, and later

3   converted to condominiums.

4          7.      On August 23, 2004, TRANSCONTINENTAL agreed to defend FMI in the

5   Underlying Litigation and retained the services of attorney Geoffrey Wood to represent FMI.

6          8.      In July 2006, FMI learned that attorney Wood was withdrawing as counsel because

7   TRANSCONTINENTAL refused to pay him for reasonably incurred defense fees. Under threat

8   of litigation by FMI, TRANSCONTINENTAL ultimately agreed, along with one of FMI's other

9   insurers, Zurich North America, to jointly retain the services of Burnham & Brown to continue

10  with FMI's defense.

11         9.      TRANSCONTINENTAL, while it eventually agreed to use the services of

12  Burnham & Brown, continued its pattern of refusing to pay for reasonably incurred defense fees,

13  delayed payment of invoices and engaged in other conduct which evidences its failure to provide

14  a full and complete defense.

15         10.     On July 10, 2007, TRANSCONTINENTAL, unilaterally, and without proper cause

16  or explanation, withdrew from defending FMI effective July 25, 2007, citing the sole basis for

17  such withdrawal as follows:

18              We have recently discovered information which affects our
                earlier coverage determination with respect to providing a defense
19              to the named insured, Frederick Meiswinkel, Inc. According to
                the Complaint filed on September 10, 2004, minor water leaks
20              were discovered in March, 2002 and no defects or damages were
                discovered earlier than that time. Further investigation revealed
21              expert reports detailing waterproofing issues discovered in 2002. [¶]
                Unfortunately, based on the facts above, there is no coverage under
22              Transcontinental Insurance Companies [sic] three policy years
                for Frederick Meiswinkel, Inc. according to the reasons explained
23              below. Pursuant to the Complaint, damages caused by water
                intrusion were first discovered in March, 2002 over a year after
24              the last Transcontinental policy had expired on 1/1/01....

25         11.     Despite repeated demands to reconsider, TRANSCONTINENTAL refused, and

26  continues to refuse, to honor its obligations to FMI through its bad faith refusal to investigate

27  and/or to defend FMI in the underlying litigation.

28  ///

1
2

## FIRST CAUSE OF ACTION

### (Breach of Contract - Duty to Defend)

3    12.    Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this

4    Complaint, as though fully set forth herein.

5    13.    The TRANSCONTINENTAL POLICIES constitute valid written contracts between

6    plaintiff, as an insured, and defendant, as insurer.

7    14.    Plaintiff has (a) paid all premiums due under the TRANSCONTINENTAL

8    POLICIES; (b) performed all obligations, conditions, covenants, and promises required of it

9    under the TRANSCONTINENTAL POLICIES, except as to those matters where performance

10    has been excused; and (c) provided all information to defendant as required by the terms of the

11    TRANSCONTINENTAL POLICIES.

12    15.    Defendant has failed to perform its respective duties and obligations under the

13    TRANSCONTINENTAL POLICIES and such failure to perform is, and was, without justification

14    or excuse. Defendant's failure to perform constitutes a breach of the TRANSCONTINENTAL

15    POLICIES.

16    16.    In particular, defendant has breached the terms of the TRANSCONTINENTAL

17    POLICIES by, *inter alia*, unilaterally withdrawing from the defense of FMI, without proper

18    justification, refusing to defend FMI, and refusing to pay reasonably incurred defense fees and

19    costs incurred in connection with the defense of the Underlying Litigation.

20    17.    As a direct and proximate result of said breach, plaintiff has sustained, and

21    continues to sustain, actual and substantial damages, including, but not limited to, unreimbursed

22    attorneys fees and defense costs in an amount to be proven at the time of trial, and any judgment

23    obtained against it in the Underlying Litigation. Plaintiff will further incur attorneys fees and

24    costs, including fees charged by expert witnesses, in connection with this action and its

25    procurement of policy benefits.

26

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

27

28    18.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this

1    Complaint, as though fully set forth herein.

2         19.    At all times herein mentioned, defendant had a duty to participate in the

3    investigation, review and adjustment of plaintiff's claim for defense and indemnity in the

4    Underlying Litigation. Defendant has unreasonably and without justification or proper cause

5    unilaterally withdrawn from the defense of FMI, and despite repeated requests to consider

6    evidence discovered through FMI's own independent investigation, refused, and continues to

7    refuse, to defend plaintiff in the Underlying Litigation. Moreover, even during the time defendant

8    agreed to provide the defense, it failed to provide a full and complete defense by refusing to pay

9    for reasonably incurred defense fees and engaging in the unauthorized practice of law by dictating

10    to its attorneys what they could and could not do in the course of their representation of FMI to

11    such an extent that defense counsel withdrew from representation of FMI.

12         20.    At all times herein mentioned, defendant was lawfully obligated to act fairly and

13    in good faith with plaintiff and to ensure that plaintiff receives the full extent of the insurance

14    policy benefits to which plaintiff was, and is, entitled. Defendant has refused and failed, and

15    continue to refuse, to exercise good faith and fair dealing with plaintiff as more particularly

16    set forth herein, and has unfairly interfered with plaintiff's right to receive the benefits of the

17    TRANSCONTINENTAL POLICIES.

18         21.    Defendant has engaged, and continues to engage, in a wrongful and bad faith course

19    of conduct to further its own economic interest in violation of its contractual, fiduciary and/or

20    quasi fiduciary obligations to plaintiff by, *inter alia*, the following:

21            (a)    Unreasonably and without proper justification or proper
22                  cause, withdrawing from the defense of FMI even though
                       there was evidence indicating a potential for coverage;

23            (b)    Unreasonably failing and refusing to defend plaintiff in the
24                   Underlying Litigation;

25            (c)    Unreasonably refusing to pay for the defense of plaintiff in
                       the Underlying Litigation during the time it had agreed to
26                   defend, and engaging in the unauthorized practice of law
                       by dictating to its attorneys what they could and could not
27                   do, and requiring the use of paralegals for functions attorneys
                       are ethically required to perform;

28    ///

(d)    Failing to objectively and thoroughly investigate plaintiff's claim including a failure to secure and consider extrinsic evidence;

(e)    Misrepresenting to plaintiff pertinent facts or insurance policy provisions relating to any coverage at issue (Insurance Code § 790.03(h)(3));

(f)    Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policies (Insurance Code § 790.03(h)(3));

(g)    Failing to promptly provide a reasonable explanation of the basis relied on its insurance policy, in relation to the facts or applicable law, for the denial of plaintiff's claims (Insurance Code § 790.03(h)(13);

(h)    Denying policy benefits to plaintiff at a time when defendant had insufficient information within its possession to justify said action;

(i)    Violating the California Insurance Code; and

(j)    Engaging in other wrongful and illegal conduct to be shown according to proof at trial.

22.    Plaintiff will seek leave of court to amend this complaint at such time as plaintiff discovers other acts or omissions of defendant constituting a breach of the duty of good faith and fair dealing.

23.    Defendant continues to engage in the aforesaid acts and other conduct, constituting bad faith, all of which constitutes a continuing tort, causing plaintiff's on-going damages beyond the date of the filing of this action.

24.    As a direct, proximate and legal result of the defendant's conduct, plaintiff has suffered, and continues to suffer, general and special damages in an amount within the jurisdiction of this court, to be shown according to proof at the time of trial.

25.    As a further direct, and proximate legal result of the defendant's conduct, plaintiff has been obligated to spend, or incur liability for, costs of suit, attorneys fees and related expenses, including expert witness fees, in order to recover the benefits due plaintiffs under the defendant's policy of insurance, in an amount to be shown according to proof at the time of trial.

26.    The defendant's conduct, as herein alleged, including defendant's blatant, bad faith, and fraudulent refusals to carry out its obligations to properly investigate plaintiff's claim and

1  defend plaintiff, was done with malice, oppression and fraud as defined in section 3294 of the

2  California Civil Code. Such conduct was intended to annoy, harass, and injure plaintiff and was

3  despicable, and carried on by defendant with willful and conscious disregard for the plaintiff's

4  rights, thereby subjecting plaintiff to cruel and unjust hardship.

5      27.    Plaintiff is informed and believes, and thereon alleges, that the acts of malice,

6  oppression and fraud on the part of defendant, as alleged herein, were committed by officers,

7  directors, or managing agents of defendant and/or said wrongful acts were committed with the

8  consent, approval and/or ratification of officers, directors and/or managing agents of the defendant.

9  Accordingly, plaintiff is entitled to recover punitive damages from defendant, pursuant to section

10  3294 of the California Civil Code, and in an amount to be shown according to proof at the time

11  of trial.

12                          **THIRD CAUSE OF ACTION**

13                          **(Declaratory Relief)**

14      28.    Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of this

15  Complaint, as though fully set forth herein.

16      29.    An actual controversy has arisen and now exits between plaintiff and defendant,

17  concerning the existence of coverage and duty to defend under The TRANSCONTINENTAL

18  POLICIES, with respect to the Underlying Litigation, and the respective duties owed by defendant

19  to plaintiff as his insurer, including, without limitation: (a) defendant's duty to defend FMI in

20  the Underlying Litigation; and (b) defendant's duty to pay/reimburse plaintiff for all defense

21  costs, attorneys fees, and expert witness fees actually incurred in connection with the Underlying

22  Litigation.

23      30.    Plaintiff desires a judicial determination regarding the defendant's defense and

24  coverage obligations to plaintiff, to wit; to reimburse plaintiff for losses incurred, and continuing,

25  as a result of the claims asserted in the Underlying Litigation, including the duty to pay all losses

26  occasioned by reason of the defense and settlement of the Underlying Litigation. Alternatively,

27  plaintiff desires a judicial determination that certain losses alleged in the Underlying Litigation

28  are potentially covered and/or are included in the coverage under the terms and conditions of The

F:\McIrwin\ctJ\MBI-002\Pleading\Complain P3S 082307.wpd        -7-

1  TRANSCONTINENTAL POLICIES, or one of them.

2  ## VIII.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, plaintiff prays for judgment against the defendant as follows:

5  1.  For damages according to proof for breach of contract.

6  2.  For general compensatory damages.

7  3.  For attorneys fees incurred in bringing this action pursuant to Insurance Code

8  Section 1619.

9  4.  For attorneys fees incurred in obtaining policy benefits as provided by law.

10  5.  For compensatory damages in the amount equal to the amount of any judgment

11  which may enter against the insured in the Underlying Litigation.

12  6.  For any and all prejudgment or post-judgment interest in an amount to be proven

13  at the time of trial.

14  7.  For any consequential damages resulting from any lost revenues or other

15  consequential loss following the entry of judgment against the plaintiff and possible suspension

16  of the plaintiff's contractor's license is the result thereof.

17  8.  For punitive damages in an amount sufficient to deter and make an example of

18  defendant.

19  9.  For costs of suit incurred herein.

20  10.  For such other and further relief as the Court may deem just and proper.

21

22  Dated: August 24, 2007                    GRECO & TRAFICANTE

23

24                                           By: _____

25                                           Clyde C. Greco, Jr., Esq.
                                             Peter J. Schulz, Esq.
26                                           Attorney for Plaintiff FREDERICK
                                             MEISWINKEL, INC. a California corporation

27

28

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRANSCONTINENTAL INSURANCE COMPANY, a New York
corporation; and DOES 1 THROUGH 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FREDERICK MEISWINKEL, INC.

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco County Superior Court<br>400 McAllister Street<br><br>San Francisco, CA 94102 | CASE NUMBER<br>*(Número del Caso):* CGC-07-466605 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Clyde C. Greco, Jr., SBN 085970          (619)234-3660    (619) 234-0626
Peter J. Schulz, SBN 167646
GRECO & TRAFICANTE
San Diego, CA 92101

DATE:                          Gordon Park-Li          Clerk, by          Deborah Steppe    Deputy
*(Fecha)* AUG 2 7 2007          *(Secretario)*                          *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* TRANSCONTINENTAL INS. COMPANY, A NEW YORK CORPORATION

    under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

SEP. 26. 2007 10:46AM    CN CONSTRUCTION DEFECT UNIT                NNO. 976    PP. 6'14

---

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Clyde C. Greco, Jr., Esq. SBN 085970
Peter J. Schulz, Esq. SBN 167464
GRECO & TRAFICANTE
555 West Beech Street; Suite 500
San Diego, CA  92101
 TELEPHONE NO.:                    FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff Frederick Meiswinkel, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
 STREET ADDRESS: 400 McAllister St., Rm. 103
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Francisco, CA  94102
 BRANCH NAME: San Francisco

CASE NAME: Meiswinkel v. Transcontinental Insurance
Company, et al.

**FOR COURT USE ONLY**
ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 AUG 27  AM 11: 46

GORDON PARK - LI, CLERK

BY:       Deborah Steppe
            DEPUTY CLERK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-07-466605 |
|  |  | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[x] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence              f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 3: Breach of contract; bad faith; declaratory relief
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 24, 2007
Peter J. Schulz, Esq.
      (TYPE OR PRINT NAME)                          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal
Solutions
Plus

# EXHIBIT B

SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
ROBERT N. BERG  Bar No. 99319
DEAN J. MCELROY  Bar No. 213132
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
TRANSCONTINENTAL INSURANCE COMPANY

*ENDORSED*
*FILED*
San Francisco County Superior Court

OCT 0 1 2007

GORDON PARK-LI, Clerk
BY_____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| FREDERICK MEISWINKEL, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>TRANSCONTINENTAL INSURANCE COMPANY, a New York corporation; and DOES  through 100, inclusive,<br><br>Defendants. | CASE NO. CGC-07-466605<br><br>**ANSWER OF DEFENDANT TRANSCONTINENTAL INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT** |

COMES NOW defendant Transcontinental Insurance Company ("Transcontinental"), and in answer to the unverified complaint of plaintiff Frederick Meiswinkel, Inc., denies each and every allegation in the complaint, and further denies that plaintiff has suffered any damage in the sum or sums alleged, or in any sum, or at all, or is otherwise entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Transcontinental alleges that the complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action against it.

-1-
ANSWER OF DEFENDANT TRANSCONTINENTAL INSURANCE COMPANY TO COMPLAINT

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1      SECOND AFFIRMATIVE DEFENSE

2          Transcontinental alleges that the complaint, and each and every purported cause of action

3   therein, fails to state a claim upon which relief can be granted.

4      THIRD AFFIRMATIVE DEFENSE

5          Transcontinental alleges that, to the extent that the complaint was not brought in good

6   faith pursuant to Code of Civil Procedure § 128.7, Transcontinental is entitled to and will seek

7   reasonable expenses, including attorneys' fees, incurred in defending the action, and any verdict

8   should be adjusted accordingly.

9      FOURTH AFFIRMATIVE DEFENSE

10         Transcontinental alleges that the causes of action attempted to be stated and set forth in

11  the complaint are barred by all applicable contract and statute of limitations provisions, and the

12  limitations as set forth in the policy.

13     FIFTH AFFIRMATIVE DEFENSE

14         The claims asserted in the complaint, and each and every purported cause of action

15  therein, are barred by virtue of plaintiff's failure to comply with the terms and conditions

16  contained in the policy which is the subject of the complaint.

17     SIXTH AFFIRMATIVE DEFENSE

18         To the extent that material misrepresentations were made in the course of applying for the

19  policy which is the subject of the complaint, and thereafter, Transcontinental, has no obligation

20  to plaintiff under the policy and is entitled, should it so choose, to rescind the policy and declare

21  the policy void *ab initio*.

22     SEVENTH AFFIRMATIVE DEFENSE

23         To the extent that plaintiff has failed to mitigate, minimize, or avoid any damages it

24  allegedly sustained, any recovery against Transcontinental must be reduced accordingly.

25     EIGHTH AFFIRMATIVE DEFENSE

26         Transcontinental has at all times exercised due care concerning any actions, conduct, or

27  other matters alleged in the complaint, or any purported claim asserted therein.

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1

NINTH AFFIRMATIVE DEFENSE

2     Plaintiff has not suffered any damages as a result of any actions taken by

3  Transcontinental, and plaintiff is thus barred from asserting the complaint, or any purported

4  cause of action therein, against Transcontinental.

5

TENTH AFFIRMATIVE DEFENSE

6     Transcontinental, and its respective representatives, acted reasonably and in good faith at

7  all times material herein, based on all relevant facts and circumstances known by them at the

8  time they so acted.  Accordingly, plaintiff is barred from any recovery in this action.

9

ELEVENTH AFFIRMATIVE DEFENSE

10     Transcontinental alleges that if it is found to have any liability for plaintiff's alleged

11  damages, which Transcontinental expressly denies, then this Court must reduce the liability of

12  Transcontinental in proportion to the comparative fault of plaintiff and others.

13

TWELFTH AFFIRMATIVE DEFENSE

14     Transcontinental alleges that its coverage interpretations and claims handling were and

15  are reasonable as a matter of law and were not and are not inherently unreasonable as a matter of

16  law.

17

THIRTEENTH AFFIRMATIVE DEFENSE

18     Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of laches,

19  waiver, and estoppel.

20

FOURTEENTH AFFIRMATIVE DEFENSE

21     The claims alleged in the complaint are barred to the extent that the claims in the

22  Underlying Litigation for which recovery is sought do not constitute "property damage" as that

23  term is defined by the insurance policies which are the subject of the complaint.

24

FIFTEENTH AFFIRMATIVE DEFENSE

25     The alleged claims and injuries in the Underlying Litigation did not result from an

26  "occurrence" as that term is defined by the insurance policies which are the subject of the

27  complaint.

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

-3-

ANSWER OF DEFENDANT TRANSCONTINENTAL INSURANCE COMPANY TO COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

Transcontinental's obligation, if any, to provide a defense does not extend to fees and costs incurred prior to plaintiff's tender of this matter to Transcontinental.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Transcontinental alleges that the complaint fails to state facts sufficient to warrant an award of punitive or exemplary damages, and plaintiff has failed to plead malice, fraud, or oppression with the specificity required under California Civil Code § 3294.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The complaint, to the extent it seeks punitive or exemplary damages against defendants, violates defendants' right to protection from "excessive" fines as provided in the Eighth Amendment to the United States Constitution and the Constitution of the State of California, violates defendants' right to substantive due process and equal protection as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, and does not meet the tests for allowing punitive damages set forth by the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996), *State Farm Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1553 (2003), *Philip Morris USA v. Williams*, ___ U.S. ___, 127 S.Ct. 1057, 166 L.Ed.2d 940 (2007), and other cases, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Transcontinental would be and are barred and not payable in all or in part by reason of the terms, definitions, exclusions, endorsements, conditions, and limitations contained in the insurance policies which are the subject of the complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims that Transcontinental breached the implied covenant of good faith and fair dealing are barred pursuant to the "genuine dispute" doctrine precluding bad faith as a matter of law.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1446509v1

1                 <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

2         Transcontinental alleges that plaintiff has failed to set out its claims with sufficient

3 particularity to permit Transcontinental to raise all appropriate defenses and, thus,

4 Transcontinental reserves its right to add additional defenses as a factual basis for plaintiff's

5 claims becomes known.

6                       <u>PRAYER</u>

7         WHEREFORE, defendant Transcontinental Insurance Company prays for judgment as

8 follows:

9         1.      That plaintiff take nothing by reason of its complaint;

10         2.      That defendant Transcontinental Insurance Company be dismissed;

11         3.      That defendant Transcontinental Insurance Company be awarded costs of suit

12                 incurred herein; and

13         4.      For such other and further relief that this Court deems just and proper.

14 DATED: October 1, 2007           SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16

17                           By: _____

18                             Dean J. McElroy
                                Attorneys for Defendant
                                TRANSCONTINENTAL INSURANCE

19                                 COMPANY

20

21

22

23

24

25

26

27

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

**Frederick Meiswinkel, Inc. v. Transcontinental Insurance Co.**
San Francisco County Superior Court, Case No. CGC-07-466605

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On October 1, 2007, I served the within document(s):

**ANSWER OF DEFENDANT TRANSCONTINENTAL INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT**

☒ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) on this date.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via.

☐ NOTICE OF ELECTRONIC FILING- by filing the document(s) listed above electronically, resulting in an automatic notice of electronic filing to all parties of record.

Clyde C. Greco, Jr.
Peter J. Schulz,
GRECO & TRAFICANTE
555 West Beech Street, Suite 500
San Diego, CA 92101
Tel: 619-234-3660
Fax: 619-234-0626

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 1, 2007, at San Francisco, California.

_Sharice Valenzuela_
SHARICE VALENZUELA

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1446845v1

**Frederick Meiswinkel, Inc. v. Transcontinental Insurance Co.**
USDC Northern District of California, Case No.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On October 1, 2007, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) on this date.

☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via.

☐    NOTICE OF ELECTRONIC FILING - by filing the document(s) listed above electronically, resulting in an automatic notice of electronic filing to all parties of record.

Clyde C. Greco, Jr.
Peter J. Schulz,
GRECO & TRAFICANTE
555 West Beech Street, Suite 500
San Diego, CA 92101
Tel: 619-234-3660
Fax: 619-234-0626

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 1, 2007, at San Francisco, California.

_Sharice Valenzuela_
SHARICE VALENZUELA

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1447016v1