**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDERICK MEISWINKEL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCONTINENTAL INSURANCE COMPANY, a New York corporation; and DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No. 3:07-cv-05064 WHA<br><br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>CMC: January 10, 2008<br>Complaint Filed: August 27, 2007<br>Judge: William H. Alsup |

Plaintiff FREDERICK MEISWINKEL, INC. ("FMI") and Defendant TRANSCONTINENTAL INSURANCE COMPANY ("TIC") by and through the undersigned counsel have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), ADR Local Rule 3-5, and Local Rule 16-3, and hereby submit the following Joint Case Management Conference Statement in accordance with the Federal Rules of Civil Procedure and Standing Order For All Judges of the Northern District of California.

/ / /

/ / /

/ / /

MEI-002\Joint Case Management Statement 010208                -1-
JOINT CASE MANAGEMENT STATEMENT

**I.**

**JURISDICTION AND SERVICE**

This is an action in diversity as set forth in 28 U.S.C. section 1332 and section 1441(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. There are no issues regarding personal jurisdiction or venue, and all parties have been served and have appeared in the lawsuit.

**II.**

**FACTS**

This is an insurance coverage and bad faith matter. Plaintiff FMI is insured, at the primary level, by defendant TIC as follows:

| **Policy Period** | **Policy No.** | **Limits** |
|---|---|---|
| 1/1/98-1/1/99 | C1 35653041 | $1M each occurrence<br>$2M aggregate<br>$2,500 deductible |
| 1/1/99-1/1/00 | C1 35653041 | $1M each occurrence<br>$2M aggregate<br>$2,500 deductible |
| 1/1/00-1/1/01 | C1 35653041 | $1M each occurrence<br>$2M aggregate<br>$2,500 deductible |

TIC has denied FMI a defense and indemnity as it relates to an underlying construction defect lawsuit currently pending in the San Francisco Superior Court. The underlying construction defect case involves a twin towered 233-unit steel framed condominium complex. It is a consolidation of three actions under San Francisco Superior Court Case No. CGC 04-42955, and commonly referred to as <u>88 King Street v. Pacific Coast Building Products, et al</u>. (the "Underlying Litigation").

FMI alleges that TIC breached the duty to defend FMI in the Underlying Litigation, and further contends that such breach was, and continues to be, in bad faith. TIC denies FMI's allegations and maintains that its denial of policy benefits was factually and legally proper.

MEI-002\Joint Case Management Statement 010208     -2-

JOINT CASE MANAGEMENT STATEMENT

## III.

## LEGAL ISSUES

1. Whether TIC owes FMI a duty to defend.

2. Whether TIC breached its duty to defend FMI in the Underlying Litigation.

3. Whether TIC breached the implied covenant of good faith and fair dealing with respect to its handling of FMI's claim for coverage in the Underlying Litigation.

4. Whether FMI has sustained monetary damage as the result of TIC's alleged breach of the duty to defend.

5. Whether FMI has sustained any monetary damage as the result of TIC's alleged breach of the implied covenant of good faith and fair dealing.

6. Whether there is a genuine legal or factual dispute between the parties regarding coverage under the TIC insurance policies such that TIC did not act in bad faith as a matter of law.

7. Identification and declaration of the parties' respective rights and obligations under the TIC insurance policies.

## IV.

## MOTIONS

There are no motions currently pending. Plaintiff anticipates filing a motion for partial summary judgment on the duty to defend. Defendant anticipates filing a motion for partial summary judgment on plaintiff's bad faith claim based on the "genuine dispute" doctrine and based on the fact that plaintiff has suffered no damage as a result of any alleged bad faith conduct, and defendant may file a motion for summary judgment on the plaintiff's breach of contract claim.

## V.

## AMENDMENT OF PLEADINGS

The parties do not intend to add or dismiss any parties or amend any of the pleadings at this time.

///

## VI.

## **EVIDENCE PRESERVATION**

Both parties have taken steps to preserve the evidence relative to the issues reasonably evident in this action, including interdiction of any document-destruction program, and any ongoing erasures of e-mails, voice-mails, and other electronically recorded material.

## VII.

## **DISCLOSURES**

Initial disclosures pursuant to Rule 26 will take place on January 9, 2008.

## VIII.

## **DISCOVERY**

As of the date of this statement, no discovery has been taken.  Plaintiff intends to serve a request for production of documents seeking production of defendant's claim file to be followed by the deposition of defendant's Person Most Knowledgeable and in particular the claims handler who made the decision to deny coverage.

Defendant intends to serve a request for production of documents to plaintiff seeking documents from the Underlying Action which may be relevant to plaintiff's claims for defense and indemnity.  Defendant intends to notice the depositions of persons with knowledge of water leaks and water damages at the underlying construction project, and perhaps other persons following its review of documents produced by plaintiff.

## IX.

## **CLASS ACTIONS**

This is not a class action.

## X.

## **RELATED CASES**

There are no related cases other than the Underlying Litigation currently pending in the San Francisco Superior Court.  The Underlying Litigation is a consolidation of three actions under San Francisco Superior Court Case No. CGC 04-42955.  The three original actions were: 88 King Street v. Pacific Coast Building Products, et al.; 88 King Street v.

Frederick Meiswinkel, Inc.; and 88 King Street v. Dillingham Construction Holdings, et al.

## XI.

## RELIEF

FMI seeks monetary damage in the form of defense fees incurred in connection with the Underlying Litigation plus its attorneys' fees pursuant to the holding of Brandt v. Superior Court, 37 Cal.3d 813, plus any extra contractual damages resulting from defendant's breach of the implied covenant of good faith and fair dealing. Defendant contends plaintiff has not sustained any monetary damage and is not entitled to any relief.

## XII.

## SETTLEMENT AND ADR

Pursuant to the ADR program for the Northern District of California, the parties are submitting, concurrently herewith, the stipulation for ADR which includes a request for mediation.

## XIII.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendant has already filed an objection to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

## XIV.

## OTHER REFERENCES

Based upon the discussions which occurred during the parties' meet and confer, this case is not suitable for reference to binding arbitration, special master or the Judicial Panel on Multidistrict Litigation.

## XV.

## NARROWING OF ISSUES

FMI intends to file a motion for partial summary judgment which may narrow the issues. TIC intends to file a motion for summary judgment or for partial summary judgment which may narrow the issues. Otherwise, it is likely premature at this time to narrow the issues any further until such time as the parties have completed initial disclosures and further

Case 3:07-cv-05064-WHA    Document 16    Filed 01/03/2008    Page 6 of 7

1  discovery.

## XVI.
## **EXPEDITED SCHEDULE**

This does not appear to be the type of case that can be handled on an expedited basis with streamlined procedures, and the parties have set forth a proposed schedule in Section XVII below.

## XVII.
## **SCHEDULING**

The parties have discussed and have agreed to the following proposed dates:

July 1, 2008:  Fact discovery cutoff for written and oral discovery

August 1, 2008:  Expert witness designation and Rule 26 disclosures

August 21, 2008:  Rebuttal expert witness designation and Rule 26 disclosures

October 24, 2008:  Expert witness discovery cutoff

December 1, 2008:  Last day to file dispositive motions

January 31, 2009:  Last day to have a dispositive motion heard

March 1, 2009:  Pre-Trial Conference

April 1, 2009:  Trial

## XVIII.
## **TRIAL**

This case will be tried to a jury and the expected length of the trial is five court days.

## XIX.
## **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff FMI certifies that pursuant to Civil L.R. 3-16, as of the date of this report, other than the named parties, there are no interested parties to disclose.

Defendant TIC certifies that pursuant to Civil L.R. 3-16, as of the date of this report,

/ / /

/ / /

/ / /

1  other than the named parties, there are no interested parties to disclose.

3  Dated: January 2, 2008                     GRECO TRAFICANTE SCHULZ & BRICK

5                                              By:   *s/ Peter J. Schulz*
                                                     Clyde C. Greco, Jr., Esq.
6                                                    Peter J. Schulz, Esq.
                                                     Attorneys for Plaintiff
7                                                    FREDERICK MEISWINKEL, INC.

8  Dated: January 2, 2008                     SEDGWICK, DETERT, MORAN & ARNOLD

11                                             By:   *s/ Dean J. McElroy*
                                                     Robert N. Berg
                                                     Dean J. McElroy
12                                                   Attorneys for Defendant Transcontinental
                                                     Insurance Company