SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
bruce.celebrezze@sdma.com
ROBERT N. BERG  Bar No. 099319
robert.berg@sdma.com
DEAN J. MCELROY  Bar No. 213132
dean.mcelroy@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MEISWINKEL, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>Defendants. | CASE NO. 07-05064 WHA MED<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S MOTION TO STAY PROCEEDINGS**<br><br>Date:       March 20, 2008<br>Time:      8:00 a.m.<br>Courtroom: 9<br>Judge:     William H. Alsup |

### I.  INTRODUCTION

The present suit involves allegations of breach of contract, bad faith, and declaratory relief. The breach of contract cause of action specifies only one breach. In paragraph 16 of the complaint, Frederick Meiswinkel, Inc. ("FMI") contends that defendant Transcontinental Insurance Company ("Transcontinental"), now National Fire Insurance Company of Hartford ("National"), breached its contract by "unilaterally withdrawing from the defense of FMI . . .". in the underlying action. Similarly, the bad faith cause of action specifies in paragraph 19 that

defendant "failed to provide a full and complete defense . . ." of FMI in the underlying construction defect action.

This coverage suit was filed because National did, in fact, withdraw from the defense of the underlying liability action entitled *88 King Street LLC v. Frederick Meiswinkel, Inc.*, consolidated San Francisco Superior Court Case Nos. CGC-04-434587 and CGC-04-42955, on July 10, 2007. However, on February 4, 2008 National agreed to rejoin the defense and reimburse Zurich Insurance Company – also FMI's insurer - its equitable share of past amounts incurred in defending FMI. Therefore, there is no current controversy, and the present matter should be stayed. Moreover, the only coverage issue that *may* lie ahead would be a determination of amounts owed by National to indemnify FMI regarding any settlement or judgment. Whether FMI owes any amounts due to its liability, and what those amounts may be, will be inextricably tied into all of the facts in the underlying case. In situations such as these, the California Supreme Court has mandated a stay of the coverage suit pending resolution of the underlying action. Facts and issues common to both the underlying suit and the coverage suit must be tried in the underlying case in order to avoid the potential for inconsistent adjudications and to ensure judicial economy.

Therefore, for these reasons, the current coverage suit must be stayed.

## II. BACKGROUND

Plaintiff, Frederick Meiswinkel, Inc. ("Meiswinkel") has filed this action against defendant National Fire Insurance Company of Hartford ("National") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief, arising out of National's alleged failure to defend Meiswinkel in the underlying action.

The underlying action involves the alleged defective construction at 88 King Street, San Francisco, California, of a 233 unit, 14 story apartment complex. Nielsen Dillingham Builders ("NDB") was the general contractor. Construction began in July 1998. The project was completed in August 2000. Beginning in September 2000, 88 King Street LLC began to convert the project from apartments to condominiums.

Plaintiff herein, Frederick Meiswinkel, Inc. ("FMI"), installed and supplied metal stud framing, drywall, exterior drywall, and the exterior insulation finishing system ("EIFS").

88 King Street LLC filed suit against FMI on September 10, 2004. Initially, Transcontinental (the predecessor in interest to National) agreed to defend and appointed the law firm of Morton, Lulofs & Wood. Transcontinental participation in FMI's defense continued for several years. In July 2006, defense of the matter was reassigned to the law firm of Burnham & Brown. Thereafter, on or about July 10, 2007, Transcontinental advised FMI that it was withdrawing from the defense.

After informal attempts to have National rejoin the defense, the present suit was filed on August 27, 2007.

Thereafter, on or about February 4, 2008, National agreed to rejoin the defense and pay its reasonable share of past defense fees that had been paid by Zurich. (See, Exhibit A to the Declaration of James Teater.) Therefore, as of this date, there is no longer any issue in the current coverage/bad faith suit pertaining to National's duty to defend.

### III.    ARGUMENT

Under the law of the State of California, a coverage action must be stayed pending resolution of the underlying action. The California Supreme Court in *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 301, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993), held that a declaratory relief action should be stayed when the facts necessary to insurance coverage will be litigated in the underlying action. In *Montrose*, the insured brought a declaratory relief action against its insurer seeking a defense to an environmental lawsuit. In determining that the insurer had a duty to defend the insured, the Supreme Court acknowledged that "to eliminate the risk of inconsistent factual determinations," the declaratory relief/bad faith suit should be stayed.

In so holding, the California Supreme Court relied on *California Insurance Guaranty Assoc. v. Superior Court*, 231 Cal.App.3d 1617, 1627, 283 Cal.Rptr. 104 (1991); and *General of America Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 471, 65 Cal.Rptr. 750 (1968). Both the *CIGA* and *Lilly* cases stand for the proposition that the declaratory relief suit should be stayed or dismissed in order to avoid any risk of inconsistent factual findings.

The *Lilly* case is illustrative. In *Lilly*, defendant Blasingame contended that he was an additional insured under his employer's policy because he had permission to drive the vehicle involved in the accident. The underlying action alleged that Blasingame was acting in the course and scope of employment at the time of the accident. The insurer disagreed and filed a declaratory relief suit to determine whether Blasingame was an additional insured acting in the course and scope of his employment. The appellate court upheld the trial court's dismissal of the declaratory relief action, finding that the issue of permissive use would be decided in the underlying action and that the declaratory relief action was duplicative as respects to this factual finding. In so holding, the court stated, "the declaratory relief suit should not be used for the purpose of anticipating and determining an issue which can be determined in the main action." *Lilly, supra*, 258 Cal.App.2d at 470.

The court in *Lilly* was clear on the point that the underlying liability suit is the "main action" and it is that action that should be the forum for determining factual findings.

In the present case, now that National has agreed to rejoin in the defense of Meiswinkel, there are no issues that mandate prompt determination. The main coverage issue left for determination is, how much indemnity coverage might be owed. Clearly, this cannot first be litigated in the present declaratory relief suit. For example, according to the underlying complaint (attached to the Declaration of Robert Berg as Exhibit B), there is a major issue regarding FMI's application of an external insulation finishing system ("EIFS") and how that system may have contributed to significant leaks at 88 King Street. A major issue in the underlying case involves window leaks. It is clearly the province of the court and jury in the underlying case to determine what defendants are liable, for how much damage, and what type of damage. These issues cannot first be determined in the coverage suit. As noted, the California Supreme Court and appellate courts have determined that the underlying liability case is the "main" action. The issues discussed above regarding liability and damage must be adjudicated in the underlying case. By doing so courts avoid litigating the same facts and issues twice, thereby supporting judicial economy and avoiding the significant risk of inconsistent adjudications.

Thus, to avoid these potential problems, the California Supreme Court has mandated a stay of the coverage suit in situations such as this.

Based on California law, as set forth above, it would be fruitless to attempt moving forward in this coverage/bad faith suit. Simply put, there is no issue that can be adjudicated in the current coverage suit until the underlying case has been settled or fully adjudicated. As noted, the only coverage issue remaining in this case pertains to whether any indemnity is owed by National, and if so, how much. Clearly these issues directly pertain to FMI's liability and damage issues which will be litigated in the underlying suit. Therefore, the present coverage dispute must be stayed.

We also note that, based on California Supreme Court authority, if an insurer is providing a defense in the underlying suit, and the underlying case is in the midst of litigation, then there is no current cognizable cause of action for bad faith under California law. *Hamilton v. Maryland Cas. Co.*, 27 Cal.4th 718, 727, 117 Cal.Rptr. 2d 318, 41 P.3d 128 (2002). There, the court determined that when an insurer is participating in the insured's defense:

> [U]ntil a judgment in excess of Maryland's policy has been entered against VLP, or VLP otherwise has suffered some actual injury as a result of the alleged breach of the covenant of good faith and fair dealing,

there can be no determination of any damage to the insured. *Id.* 727-728. Furthermore, the tort of bad faith, similar to other torts, is not actionable until the insured has sustained actual damage. *Gourley v. State Farm Mut. Auto Ins. Co.*, 53 Cal.3d 121, 129, 3 Cal.Rptr. 2d 666, 822 P.2d 374 (1991). If one or more insurers are defending the insured, and the underlying case has not resulted in an excess of limit judgment, then the insured has no damages. *Ceresino v. Fire Ins. Exchange*, 215 Cal.App.3d 814, 823, 264 Cal.Rptr. 230 (1989); *Horace Mann Ins. Co. v. Barbara B.*, 61 Cal.App.4th 158, 164, 71 Cal.Rptr. 350 (1998); *Ringler Assoc. v. Maryland Cas. Co.*, 80 Cal.App.4th 165, 1187, 96 Cal.Rptr. 2d 136 (2000).

Here, as noted, National is defending. Moreover, Zurich Insurance Company is also providing a defense to the common insured, FMI. The underlying case is moving forward in

litigation. There has been no trial, and thus no verdict in excess of available limits. Therefore, there is no current bad faith controversy, and there cannot be one unless and until there is a trial in the underlying case which results in a verdict in excess of available limits. Moreover, all of the facts from the underlying trial would be binding and applicable to the current suit. *Montrose Chem. Co. v. Superior Court, supra*, 6 Cal.4th at 301. Therefore, as noted above, the proper procedure is to stay the current litigation and to allow the underlying liability case to move forward. Thus, the current suit must be stayed.

## IV. CONCLUSION

For the reasons stated above, National's motion to stay proceedings in this coverage suit should be granted, and this coverage action should be stayed until the underlying action resolves.

DATED: February 13, 2008

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
BRUCE D. CELEBREZZE
ROBERT N. BERG
DEAN J. MCELROY
Attorneys for Defendant
NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD