# Exhibit 1



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FREDERICK MEISWINKEL, INC., a California Corporation,
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
88 KING STREET, LLC

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

RECEIVED

OCT 2 @ 2004
BY

FREDERICK MEISWINKEL, INC.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN FRANCISCO CIVIC CENTER COURTHOUSE 400 MCALLISTER STREET SAN FRANCISCO, CA 94102 | CASE NUMBER: *(Número del Caso):* CGC-04-434587 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GEORGE J. BERGER (Bar No. 56548)          619-233-1155
KATHRYN D. HORNING (Bar No. 185610)
ALLEN MATKINS LECK GAMBLE & MALLORY LLP
SAN DIEGO, CA 92101

DATE: SEP 10 2004    Clerk, by GORDON PARK-LI, Ronnie Cor , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FREDERICK MEISWINKEL, INC a CALIFORNIA CORPORATION

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*                                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
CA Plus

Code of Civil Procedure §§ 412.20, 465

**MEI 000108**

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2004 SEP 10 PM 12: 35

GORDON PARK-LI. CLE.

BY: PARAM NATT

1  ALLEN MATKINS LECK GAMBLE & MALLORY LLP
   GEORGE J. BERGER (BAR NO. 56548)
2  KATHRYN D. HORNING (BAR NO. 185610)
   501 West Broadway, Ninth Floor
3  San Diego, California 92101-3577
   Phone: (619) 233-1155
4  Fax: (619) 233-1158

5  Attorneys for Plaintiff,
   88 KING STREET, LLC
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN FRANCISCO

10

11 88 KING STREET, LLC,                    Case No. CGC-04-434587

12              Plaintiff,                  COMPLAINT FOR:

13     vs.                                  (1) NEGLIGENCE; and

14 FREDERICK MEISWINKEL, INC., a            (2) NEGLIGENCE PER SE
   California Corporation, and DOES 1 through
15 50, inclusive,                           CASE MANAGEMENT CONFERENCE SET

16              Defendant.                  PLAN I     FEB 1 0 2005 9:00 AM

17       Plaintiff, 88 KING STREET, LLC hereby alleges as follows:
                                            DEPARTMENT 212
18                        GENERAL ALLEGATIONS

19       1.      Jurisdiction of the Superior Court of the State of California is proper.  All acts

20  complained of herein occurred in California.  All Defendants reside in or have their principal place

21  of business in California.  Venue is proper in this Court because the acts complained of herein

22  occurred in this judicial district.

23       2.      Plaintiff is a Delaware limited liability company, with its principal place of

24  business in Dallas, Texas.

25       3.      Plaintiff alleges on information and belief that defendant Frederick Meiswinkel,

26  Inc., ("Meiswinkel"), was at all times alleged herein a California corporation with its principal

27  place of business in San Francisco, California.

28

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

604913.01/SD

1    4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

2    Does 1 through 50, and therefore sues these defendants by such fictitious names. Plaintiff will

3    amend its complaint to allege their true names and capacities, whether individual, corporate, or

4    otherwise, when ascertained. Plaintiff alleges on information and belief that each Doe defendant

5    is responsible in some manner for the work and/or occurrences herein alleged, that Plaintiff's

6    damages were proximately caused thereby, and that each of said fictitiously named defendants was

7    an agent of the other and of the named defendants.

8                                    THE FACTS

9    5.    In or about the late 1990s, 725 Second Street, L.P. ("Developer"), owned an

10   approximately 2.0 acre tract of land located at 88 King Street, in the City of San Francisco, San

11   Francisco County, State of California (the "Property"). In or about July, 1998, Developer entered

12   into a Standard Form of Agreement with Nielsen Dillingham Builders, Inc. ("NDB") for the

13   construction and development of a multi-unit residential high-rise building located at the Property.

14   The project, including all buildings, structures and improvements at the Property generally became

15   known as One Embarcadero South ("OES"). A Certificate of Final Completion for OES was

16   recorded on or about April 21, 2000.

17   6.    Plaintiff alleges that on or about September 1, 1997, NDB entered into a contract

18   with Meiswinkel for construction of the exterior insulated finishing systems ("EIFS") at OES.

19   Plaintiff alleges that on a date currently unknown to Plaintiff, Meiswinkel commenced

20   construction of the EIFS at OES, and that Meiswinkel purportedly completed construction of the

21   EIFS at OES in or about April of 2000.

22   7.    On or about February 15, 2000, Eikon Investments, L.L.C. ("Purchaser"), entered

23   into a written Option Agreement and Purchase and Sale Agreement ("Purchase Agreement") with

24   Developer to buy OES, the underlying land and all improvements thereon. Purchaser assigned the

25   Purchase Agreement to Plaintiff's predecessor-in-interest, 88 King Street, Inc., on or about

26   February 15, 2000. 88 King Street, Inc. further assigned the Purchase Agreement to Plaintiff on or

27   about April 28, 2000. The purchase and sale transaction of the Purchase Agreement closed on or

28   about April 28, 2000 ("Close"), and Plaintiff became the owner of OES. At such time, Plaintiff

Allen Matkins Leck
Gamble & Mallory LLP
*attorneys at law*

604915.01/SD                                    -2-

MEI 000110

1  was not aware, and through the exercise of reasonable diligence could not have discovered,

2  various defects in the EIFS, all of which were discovered later as described below. None of the

3  defects manifested themselves until years later and no earlier than the first half of 2002.

4      8.      Plaintiff converted OES to a condominium complex on or about September 26,

5  2000.

6      9.      In or after about March, 2002, Plaintiff first discovered very minor water leaks into

7  and upon various parts of OES. Upon detailed investigation, Plaintiff thereafter discovered that

8  portions of the EIFS at OES had been inadequately constructed, installed, or otherwise improved

9  such that the EIFS are defective and/or fail to comply with applicable statutes and regulations,

10  industry standards, and/or manufacturers' instructions. Such defects include:

11      a.      flaking and cracking;

12      b.      insufficient thickness;

13      c.      insufficient waterproofing and detailing at the interfacing with windows and other

14  horizontal surfaces; and

15      d.      insufficient caulking and sealing.

16      10.      The above-described defects arose out of and were proximately caused by latent ~·

17  deficiencies in the design, specification, planning, supervision, observation of construction,

18  construction, development and/or improvement of the EIFS, including failure to comply with

19  controlling statutes, regulations, ordinances, industry standards, and/or manufacturers' instructions.

20  The above-described defects have failed and continue to fail to prevent water infiltration, resulting

21  in damage to the OES.

22      11.      The above-described defects have also caused resultant damage to other areas of

23  OES, including but not limited to:

24      a.      Damage to insulation material below the EIFS caused by water leaking from the

25  defective EIFS;

26      b.      Damage to drywall and paint finishes caused by water leaking from the defective

27  EIFS;

28

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

2

1    c.    Degradation of sheetmetal-to-EIFS joints; and

2    d.    Loosening and curling of insulation boards away from the concrete deck.

3    12.    Plaintiff alleges on information and belief that the EIFS at OES may be defective in

4    additional ways and may have caused additional damage to an extent not precisely known, but to

5    be proven at trial.

6    13.    Plaintiff is obligated to provide to the homeowners associated at OES, and

7    indirectly to the unit owners who have bought units, a building without defects and that will

8    perform satisfactorily for its intended useful life.

9    14.    As a direct and proximate result of the defects set forth herein, Plaintiff has

10    suffered damages in an amount as yet undetermined, but to be proven at trial and estimated to be

11    in excess of $300,000.

12    FIRST CAUSE OF ACTION

13    NEGLIGENCE

14    15.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 14 above

15    as if stated herein in full.

16    16.    Defendants owed Plaintiff a duty of care to construct the EIFS in a reasonable

17    manner and in accordance with design specifications, plans, and drawings.  This duty included the

18    duty to construct the EIFS free of construction defects.

19    17.    During the time the EIFS were constructed, published industry standards, including

20    those standards published by the Association of Wall and Ceiling Industry and EIFS Industry

21    Members Association, provided the standard of care in California for the proper construction and

22    completion of EIFS.  These standards had been designed and written for the purpose of providing

23    and protecting purchasers and owners of buildings designed and constructed with EIFS.

24    18.    Defendants negligently provided labor, services, equipment, materials, and

25    supervision and otherwise negligently breached their duty of care owed to Plaintiff in connection

26    with the construction of the EIFS, by failing to perform and/or provide, carelessly performing

27    and/or providing, and performing and/or providing deficient labor, services, equipment, materials,

28    and supervision necessary for proper construction or repair of the EIFS, and by failing to construct

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

604915.01/SD

-4-

COMPLAINT

**MEI 000112**

1 | the EIFS in accordance with the design specifications, plans and drawings and applicable industry
2 | standards.

3     19.     Defendant's above-described negligence proximately caused Plaintiff to suffer
4 | damages, including resulting damages, increased costs and expenses, consequential and incidental
5 | damages, economic losses, costs of repairing or replacing defective work, costs of repairing or
6 | replacing other parts of OES damaged by the defective EIFS, loss of use of portions of OES, costs
7 | of obtaining substitute performance of Defendant's contractual obligations, loss of fair market
8 | value and diminution of value of OES, and such other further general, consequential and incidental
9 | damages and losses as may be proven at the time of trial.

10 | ## SECOND CAUSE OF ACTION

11 | ## NEGLIGENCE PER SE

12     20.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 14 above
13 | as if stated herein in full.

14     21.     During the time the EIFS were constructed, operative and enforceable statutes,
15 | regulations, and/or ordinances, including the California Building Code ("Code") and San
16 | Francisco Building Code had been enacted in California. These were intended and written for the
17 | purpose of assuring proper construction and completion of EIFS and protecting purchasers and
18 | owners of buildings designed and constructed with EIFS.

19     22.     Section 1402 of the Code requires "All weather-exposed surfaces shall have a
20 | weather-resistive barrier to protect the interior wall covering," and "Exterior openings exposed to
21 | the weather shall be flashed in such a manner as to make them waterproof." Section 1402.2
22 | further provides, "All parapets shall be provided with coping of approved materials to make them
23 | waterproof."

24     23.     Plaintiff, as owner of OES, was among the class of persons for whose protection
25 | these statutes, regulations, and/or ordinances were adopted.

26     24.     Defendant's construction of the EIFS violated the applicable statutes, regulations
27 | and ordinances, including the above-stated Code sections, by, among other things, by failing to
28 | provide sufficient barriers to water infiltration, all causing damage as above alleged.

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

604915.01/SD

-5-

1    25.    Defendant's negligence, in failing to comply with applicable statutes, regulations

2  and ordinances proximately caused Plaintiff to suffer damages, including resulting damages,

3  increased costs and expenses, consequential and incidental damages, economic losses, costs of

4  repairing or replacing defective work, costs of repairing or replacing other parts of OES damaged

5  by the defective EIFS, loss of use of portions of OES, costs of obtaining substitute performance of

6  Defendant's contractual obligations, loss of fair market value and diminution of value of OES, and

7  such other further general, consequential and incidental damages and losses as may be proven at

8  the time of trial.

9                                    **PRAYER**

10    WHEREFORE, Plaintiff prays judgment against Defendant as follows:

11    1.    For damages in excess of the minimum jurisdictional amount of the Court,

12  according to proof at trial:

13    2.    For costs of suit, including attorneys' fees, herein incurred; and

14    3.    For such other and further relief as the Court may deem proper and just.

15

16  Dated: August 5, 2004                          ALLEN MATKINS LECK GAMBLE &
                                                    MALLORY LLP
17
                                                    By: _____
18                                                      GEORGE J. BERGER
                                                       Attorneys for Plaintiff,
19                                                     88 KING STREET, LLC

20

21

22

23

24

25

26

27

28

604915.01/SD

Allen Matkins Leck
Gamble & Mallory LLP
Attorneys at Law

MEI 000114