**Exhibit A**



*675 N. Placentia Avenue, 3rd Floor*
*Brea, California 92822-2469*

*James Teater*
*Claim Consultant*
*Construction Defect Claims*
*714-255-2652*
*800-262-8714*
*714-256-7657 (fax)*

February 4, 2008

Ms. Cecilia Plough
Frederick Meiswinkel, Inc.
2060 Newcomb Avenue
San Francisco, CA 94124

Re:

| | | |
|---|---|---|
| Insured | : | Frederick Meiswinkel, Inc. |
| Our Claim No. | : | DA006283 |
| Claimant | : | 88 King Street |
| Policy No. | : | CO10356534041 |
| Effective | : | 1/1/98 to 1/1/01 |
| Company | : | National Fire Insurance Company of Hartford |
| Case Title | : | 88 King Street, et al. v. Nielsen Dillingham Builders, Inc., et al. |

Dear Ms. Plough:

National Fire Insurance Company of Hartford ("National"), as successor by merger to Transcontinental Insurance Company ("Transcontinental") has carefully considered your request for reconsideration that it defend and indemnify Frederick Meiswinkel, Inc. ("FMI") with respect to the action of 88 *King Street, et al. v. Nielsen Dillingham Builders, Inc., et al.,* San Francisco Superior Court Action No. CGC-04-434587, et al. We have determined that National will defend you under the following reservation of rights. National has agreed to participate in your defense, along with the Zurich Insurance Company. National will share in defense costs with Zurich, which has appointed Burnham & Brown to defend your interests. Please forward copies of all unpaid or partially paid invoices for our review. Additionally, we will be contacting Zurich regarding payment of ongoing defense fees and costs.

National's reservation of rights includes, but is not limited to, (1) the right to seek a judicial declaration as to its rights and obligations, if any, under its policies, (2) the right to withdraw from the defense, and (3) the right to decline indemnity. National also reserves the right to seek contribution or indemnity from any other insurer which should be providing a defense to the insured, for any defense costs incurred for indemnity paid.

Cecilia Plough
February 4, 2008
Page 2

## I.    FACTUAL BACKGROUND

The construction at 88 King Street in San Francisco involved a 233 unit 14-story apartment complex.  725 Second Street L.P. was the owner and developer of the property.  Nielsen Dillingham Builders ("NBD") was the general contractor.  Following a sale of the property in a series of assignments, 88 King Street, LLC, became of the owner of the property on or about April 28, 2000.  Beginning in September 2000, 88 King Street, LLC began to convert the project to condominiums.

During the construction process, the named insured, FMI, had contracted with NBD to perform work on the exterior skin of the building.  The product involved was an exterior insulation finishing system ("EIFS").  We are advised that the work performed by Meiswinkel occurred between the spring of 1999 and May 1, 2000.

During operations, in approximately February 2000, NBD performed an inspection, and discovered leaks in the Amenities building and in the garages.  Thereafter, another inspection took place in October 2000.  At that time, there were leaks discovered in the Plaza decks.  We were advised that these were punch list items, and repairs were implemented prior to the filing of suit.

Thereafter, 88 King Street did file suit in September, 2004.  This suit contains numerous allegations of construction defects.  As respect the EIFS system, there are allegations of various leaks, including window leaks and Plaza decks leaks.  However, we note that, in the complaint, it is alleged that defects were not discovered/manifested until 2002.

The aforementioned facts are allegations as Transcontinental now understands them.  Please advise if you believe that Transcontinental has misunderstood any of the allegations in any significant respect.  Transcontinental does not mean to assert that all of the allegations set forth above are true.

## II.    POLICIES

National issued commercial general liability coverage to you under Policy No. CO10356534041, which was in effect 1/1/98 to 1/1/01.  The Policies have a limit of $1,000,000 for each occurrence. The Policies' products-completed operations aggregate is $2,000,000.

The Policies' coverage grant provides that coverage is only afforded for those sums that the insured becomes "legally obligated to pay as damages." The Policies also contain a coverage part for Personal Injury and Advertising Injury Liability. However, at this time, the plaintiffs do not allege, and the facts do not indicate any "personal injury" or "advertising injury" which may be provided coverage under the Policies. We reserve our rights to further

Cecilia Plough
February 4, 2008
Page 3


investigate this matter and supplement, alter, amend, or modify this reservation of rights should any additional grounds for reservation or disclaimer of coverage come to light during any future investigation of this claim or in the course of discovery.

The policies with exposure in the matter are subject to Coverage Form CG-0001 (ed. 01/96). Please note that the preamble of the CG0001 coverage forms state that "you" and "your" refer to the named insured. The Insuring Agreement, under Section I, states:

1.    **Insuring Agreement.**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)    The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

        (2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

The policy further explains:

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

Cecilia Plough
February 4, 2008
Page 4

        (2)     The "bodily injury" or "property damage" occurs
during the policy period.

Under this policy, "bodily injury" and "property damage" are defined, respectively, as:

    3.     "Bodily injury" means bodily injury, sickness or disease sustained by a
person, including death resulting from any of these at any time.

    15.     "Property damage" means:

        a.     Physical injury to tangible property, including all resulting loss
of use of that property. All such loss of use shall be deemed to
occur at the time of the physical injury that caused it; or

        b.     Loss of use of tangible property that is not physically injured.
All such loss of use shall be deemed to occur at the time of the
"occurrence" that caused it.

Please note that for coverage to apply, the "bodily injury" or "property damage" must be
caused by an "occurrence", which is defined as:

    9.     "Occurrence" means an accident, including continuous or repeated
exposure to substantially the same general harmful conditions.

The following are some exclusions which may also serve to prevent coverage for some
damages claimed:

    **2.**     **Exclusions**

      This insurance does not apply to:

      j.     Damage to Property

          "Property damage" to:

        (1)     Property you own or rent, or occupy;

        (5)     That particular part of real property on which you or
any contractors or subcontractors working directly or
indirectly on your behalf are performing operations, if

Cecilia Plough
February 4, 2008
Page 5

the ''property damage'' arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

"Products-completed operations hazard" is defined as:

a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)    Products that are still in your physical possession; or

(2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)    When all of the work called for in your contract has been completed.

(b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b.    Does not include "bodily injury" or "property damage" arising out of:

(1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

Cecilia Plough
February 4, 2008
Page 6

   (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

   (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

 Additional exclusions include:

   **k.** **Damage To Your Product**

   "Property damage" to "your product" arising out of it or any part of it.

   **l.** **Damage To Your Work**

   "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

   This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

   **m.** **Damage To Impaired Property Of Property Not Physically Injured**

   "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

   (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to

Cecilia Plough
February 4, 2008
Page 7

"your product" or "your work" after it has been put to its
intended use.

**n.     Recall Of Products, Work, Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you
or others for the loss of use, withdrawal, recall, inspection,
repair, replacement, adjustment, removal or disposal of:

(1)     "Your product;"

(2)     "Your work;" or

(3)     "Impaired property;"

if such product, work, or property is withdrawn or recalled
from the market or from use by any person or organization
because of a known or suspected defect, deficiency,
inadequacy or dangerous condition in it.

The policies define "impaired property" and "your work" as:

7.     "Impaired property" means tangible property, other than "your
product" or "your work," that cannot be used or is less useful because:

a.     It incorporates "your product" or "your work" that is known or
thought to be defective, deficient, inadequate or dangerous; or

b.     You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a.     The repair, replacement, adjustment or removal of "your
product" or "your work," or

b.     Your fulfilling the terms of the contract or agreement.

19.     "Your work" means:

a.     Work or operations performed by you or on your behalf; and

b.     Materials, parts or equipment furnished in connection with
such work or operations.

Cecilia Plough
February 4, 2008
Page 8


"Your work" includes:

    a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work;" and

    b.    The providing of or failure to provide warnings or instructions.


The policies have been endorsed by Form G121635A 1/96 ed., commonly referred to as the KNOWN and CONTINUING LOSS ENDORSEMENT.


Form G-121635-A states:

1.    The following is added to 2. Exclusions of COVERAGE A (Section I --Coverages):

This insurance does not apply to and we have no duty to defend any claim or "suit" seeking damages because of "bodily injury" or "property damage" that is continuous or progressively deteriorating and which "manifested" prior to the inception or after the expiration of the policy period;

2.    The following is added to 1. Insuring Agreement of Coverage A (Section I --Coverages):

All claims and "suits" for "bodily injury" or "property damage" that is continuous or progressively deteriorating and which "manifests" during this policy period will be deemed to apply only to this policy period and no other policy period.

3.    The following definition is added to DEFINITIONS (Section V): "Manifest(ed)" means:

    a.    For "bodily injury" when injury, sickness or disease first becomes reasonably capable of medical diagnosis; and

    b.    For "property damage" when the damage is first discovered by the person or organization who suffered such damage.

Cecilia Plough
February 4, 2008
Page 9

> 4. The following is added to paragraph 1.b. of COVERAGE B (Section I --Coverages):
>
>> All claims or "suits" for "personal injury" or "advertising injury" caused by an offense committed during this policy period will be deemed to apply only to this policy and no other policy period.

Please note that, as mentioned in the factual background section, there are allegations of water leaks caused by FMI dating back to early 2000. National reserves its right to assert that these leaks first manifested at that time, so that the operative policy is the policy period in effect between January 1, 2000 and January 1, 2001. As such, if the leaks in question were first manifested during the operations phase, and there were no consequential "property damage" emanating from those losses at that time, National reserves its right to decline indemnity with respect to this matter.

Furthermore, the active operations exclusion set forth above, j(5) and j(6), are comprehensive. National thus reserves all rights to assert applicability of these exclusions, including the right to decline indemnity based on these exclusions.

Also, National draws your attention to the endorsement set forth above, utilizing form G121635A. As noted, pursuant to this endorsement, coverage does not apply if "property damage" first manifested prior to inception of the policy. Furthermore, if damage only manifests after policy expiration, coverage does not apply. National reserves all rights with respect to this policy provision.

The policy is also endorsed by form 000300(11/85) which is a Deductible Liability Form which provides for a $2000 per occurrence deductible for property damage. In the event of any indemnity payments under the policy you will be billed for your deductible.

The policy conditions require that you:

> (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"
>
> (2) Authorize us to obtain records and other information;
>
> (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit;" and
>
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

Cecilia Plough
February 4, 2008
Page 10


### III.    FULL RESERVATION OF RIGHTS

By accepting defense pursuant to this reservation of rights, National is not admitting that any legal duty to defend or indemnify exists or ever existed except as stated in this letter. Instead, funding of your defense is provided under a reservation of rights which includes, but is not limited to, each of the following:

1.      National fully reserves its right to deny coverage based on each of the policy provisions set forth above. Our investigation does not waive or change the Policies' terms, and does not waive our right to dispute issues of coverage. We reserve the right to deny coverage forte-or indemnity at any time.

2.      National's participation in Frederick Meiswinkel, Inc's defense does not waive or change the Policy's terms. Our participation in Frederick Meiswinkel, Inc's defense does not waive our right to dispute issues of coverage.

3.      The right to have a court determine whether or not National is (or ever was) obligated to indemnify Frederick Meiswinkel, Inc in this action (or to otherwise establish our respective rights), except as acknowledged in this letter.

4.      If there is a judicial determination that National does not owe a duty to defend or indemnify certain of the claims in the *88 King Street, et. al. v. Nielsen Dillingham Builders, Inc. et. al.* matter, we reserve the right to seek reimbursement from Frederick Meiswinkel, Inc of all of its attorneys' fees and costs we incur in defending those claims, and all indemnity payments we may make to settle those claims or satisfy any judgment on those claims.

If you feel our coverage position is incorrect, you may have this matter reviewed by contacting the California Department of Insurance at:

California Department of Insurance
Claims Services Bureau, 11th Floor
300 South Spring Street
Los Angeles, CA 90013
1-800-927-4357

Cecilia Plough
February 4, 2008
Page 11


In the meantime, should you have any questions or comments, please do not hesitate to contact me.

Sincerely,



James Teater
National Insurance Company of Hartford


cc: Peter Schulz
Greco Traficante Schulz & Brick
185 West F Street, Suite 400,
San Diego, CA 92101