SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
bruce.celebrezze@sdma.com
ROBERT N. BERG  Bar No. 099319
robert.berg@sdma.com
DEAN J. MCELROY  Bar No. 213132
dean.mcelroy@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635

Attorneys for Defendant
NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MEISWINKEL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>Defendants. | CASE NO. 07-05064 WHA MED<br><br>**[PROPOSED] ORDER GRANTING NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S MOTION TO STAY PROCEEDINGS**<br><br>Date:   March 20, 2008<br>Time:   8:00 a.m.<br>Courtroom:   9<br>Judge:   William H. Alsup |

Having considered the papers submitted on defendant National Fire Insurance Company of Hartford's Motion to Stay Proceedings, and good cause appearing therefore,

IT IS HEREBY ORDERED that:

National Fire Insurance Company of Hartford's ("National") Motion to Stay Proceedings is GRANTED. The present coverage lawsuit will be stayed pending resolution of the underlying construction defect action, since any determination of legal and equitable issues in the coverage lawsuit would be based on factual findings necessary to a determination of the underlying construction defect action as well.

1  National has agreed to rejoin the defense of the underlying action and reimburse Zurich
2  Insurance Company – another insurer of plaintiff Frederick Meiswinkel, Inc. ("FMI") – its
3  equitable share of past amounts incurred in defending FMI.  Therefore, there is no current
4  controversy, and the present matter should be stayed.  Moreover, the only coverage issue that
5  may lie ahead would be a determination of amounts owed by National to indemnify FMI for any
6  settlement or judgment.  Whether FMI has any liability for damages as alleged in the underlying
7  action, and what the amounts of those damages may be, will be inextricably tied into all of the
8  facts in the underlying case.  In situations such as this, the California Supreme Court has
9  mandated a stay of the coverage lawsuit pending resolution of the underlying action.  *See*
10 *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 301, 24 Cal.Rptr.2d 467, 861 P.2d
11 1153 (1993).  Facts and issues common to both the underlying suit and the coverage suit must be
12 tried in the underlying case in order to avoid the potential for inconsistent adjudications and to
13 ensure judicial economy.  *See id.*

14 DATED: _____, 2008

                                    By _____
                                       HON. WILLIAM H. ALSUP
                                       UNITED STATES DISTRICT JUDGE