```
 1  Clyde C. Greco, Jr., Esquire, State Bar No. 085970
    Peter J. Schulz, Esquire, State Bar No. 167646
 2  Jon S. Brick, Esquire, State Bar No. 120474
              LAW OFFICES
 3  GRECO TRAFICANTE SCHULZ & BRICK
         185 WEST F STREET - SUITE 400
 4         SAN DIEGO, CALIFORNIA 92101
             (619) 234-3660 / FAX: 234-0626
 5
    Attorneys for Plaintiff FREDERICK MEISWINKEL, INC.
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MEISWINKEL, INC., a California corporation,<br><br>  Plaintiff,<br><br>v.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>  Defendants. | Case No. 3:07-cv-05064 WHA<br><br>**PLAINTIFF'S OPPOSITION TO NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S MOTION TO STAY PROCEEDINGS**<br><br>Date:       March 20, 2008<br>Time:       8:00 a.m.<br>Courtroom:  9<br>Judge:      William Alsup |

Plaintiff FREDERICK MEISWINKEL, INC. ("FMI") respectfully submits its Opposition to the Motion of NATIONAL FIRE INSURANCE COMPANY OF HARTFORD ("National") to Stay Proceedings.

## I.
## INTRODUCTION

While National concedes that FMI was forced to file suit "because National did, in fact, withdraw from the defense of the underlying liability action entitled <u>88 King Street, LLC v. Frederick Meiswinkel, Inc.</u>" pending in the San Francisco Superior Court, it seeks a stay of this action because, after forcing its insured to file suit and incur significant expenses – both in this suit

and in connection with the underlying actions – National "agreed to rejoin the defense" on February 4, 2008. National ignores the fact that it has failed to pay defense counsel to defend the underlying actions; has failed to provide a full and complete defense to FMI in the underlying actions thereby forcing FMI to hire its own counsel to ensure that a proper defense has been provided; unilaterally withdrew its defense shortly before trial of the underlying actions was scheduled; repeatedly ignored information which established a potential for coverage in the underlying actions; and repeatedly failed to attend court-ordered mediations in the underlying actions, thereby frustrating efforts to globally settle the underlying actions.[1] In short, National asks the Court to ignore its bad faith conduct towards its insured – which has already occurred – and stay the action now that it has belatedly agreed to do what it willfully and wrongfully failed to do, all to plaintiff's damage. While the question of whether or not FMI has any liability to plaintiffs in the underlying action is "inextricably tied into all of the facts in the underlying case …," National's bad faith in the handling of FMI's defense is not.

National only agreed to "rejoin the defense" after forcing FMI to incur substantial fees and costs and file suit, and FMI should not be precluded from seeking the damages to which it is entitled. National's motion should, therefore, be denied.

## II.

## STATEMENT OF FACTS

The underlying action is a construction defect case involving a 233-unit condominium complex pending in the San Francisco Superior Court.[2] FMI was insured under three policies of insurance issued by Transcontinental Insurance Company, now National, for the periods January 1998 through January 2001. Defense of the underlying actions was tendered to National pursuant to these policies and, in August of 2004, National agreed to defend FMI by retaining the services of attorney Geoffrey Wood of the firm Morton Lulofs & Wood.

In July of 2006, however, FMI learned that Mr. Wood was withdrawing as counsel for FMI

---

[1] See Declaration of Jon S. Brick and exhibits thereto.

[2] There were three original actions arising from the construction of the condominiums which have been consolidated in a single action, San Francisco Superior Court Case No. CGC04-42955.

because National refused to pay him for the reasonably incurred defense fees. FMI was forced to hire counsel and threaten litigation against National before it ultimately agreed, along with one of FMI's other insurers, Zurich North America, to jointly retain the services of the law firm of Burnham & Brown to continue with FMI's defense. Although National eventually agreed with Zurich to retain Burnham & Brown, National continued its pattern of refusing to pay for its share of reasonably incurred defense fees, delayed payment of invoices, and engaged in other conduct establishing its failure to provide a full and complete defense. Its efforts were more geared towards finding a way out of coverage than defending FMI.[3]

On July 10, 2007, National informed FMI that it was unilaterally withdrawing its defense, effective on only 15 days notice! Despite requests from FMI's personal counsel, National made good on its threat and withdrew from the defense.

FMI, through its counsel, made repeated demands on National to reconsider its denial and, after repeated denials by National, FMI was forced to file this action. FMI's attempts to convince National to resume the defense continued, to no avail. Meanwhile, several mediations went forward in the underlying cases. National never appeared at these mediations. Had it done so, it is possible that the underlying actions would have settled (which they still have not.)[4]

Indeed, it was not until after FMI was forced to engage in the pre-trial Rule 26 initial disclosures – which, among other things provided documents which National should have located if it had thoroughly investigated the underlying claim – that National belatedly advised FMI that National would be rejoining the defense. In doing so, National reserved all of its rights, including "(1) the right to seek a judicial declaration as to its rights and obligations, if any, under its policies, (2) the right to withdraw from the defense, and (3) the right to decline indemnity." See Exhibit "A" to Declaration of James Teater filed in support of defendant's Motion to Stay. National not only reserved for itself a right which it now seeks to deny to its insured – the right to seek a judicial declaration as to its rights and obligations under the policy – but also reserved the right to once again

---

[3] See Declaration of Jon S. Brick and exhibits thereto.

[4] See Declaration of Jon S. Brick and exhibits thereto.

MEI-002\Opp to Motion to Stay 030508        -3-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS

withdraw the defense. Given National's conduct towards FMI in the past, if this action is stayed there is nothing which would prevent National from once again unilaterally withdrawing from the defense of the underlying action and requiring FMI to start the whole process over again, effectively doubling the legal expenses it has already paid compelling National to comply with California law. National's letter also sets forth 8 pages of provisions of the policy which National contends may provide it the right to deny coverage and reserves National's "right to seek reimbursement" from FMI for any and all attorneys' fees and costs which National incurs in defending the claims.

### III.

### ARGUMENT

National's contention that California law requires that "a coverage action must be stayed pending resolution of the underlying action" is a misstatement of the law. In <u>Montrose Chemical Corp. v. Superior Court</u>, 6 Cal.4th 287 (1993) ("Montrose I"), the California Supreme Court affirmed a decision of the appeals court which required the insurance company to provide a defense to its insured in the underlying actions. In discussing whether or not an insurance company may properly seek a judicial determination of its defense obligations, the Court noted that "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third-party suit is appropriate <u>when the coverage question turns on facts to be litigated in the underlying action</u>. … By contrast, <u>when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed</u> to judgment. <u>Montrose</u>, <u>supra</u>, 6 Cal.4th at 301-302. (Emphasis added.)

National's contention the "main coverage issues left for determination is how much indemnity coverage might be owed" simply ignores the fact that the Complaint is for breach of contract and breach of the implied covenant of good faith and fair dealing. National's duty to <u>indemnify</u> FMI, and any potential breach of that duty, has not yet been triggered. (National also has a duty to settle the case within policy limits which, to date, it has refused to do.) The issues to be decided in the underlying litigation are whether or not FMI is liable to the parties for the alleged defects arising from the construction of the condominium project. The issue in <u>this</u> suit between

FMI and National is National's breach of its duty to defend and the damages arising from that breach. The fact that National failed to provide an adequate and complete defense to FMI; unilaterally withdrew that defense without adequate basis; failed to meaningfully participate in the settlement process; and forced FMI to retain counsel, file suit and engage in costly litigation before agreeing to resume its defense – thereby establishing its duty to defend – remain to be litigated here. Those issues simply <u>have no bearing on any potential liability of FMI in the underlying actions</u>.

The cases cited by National for the proposition that where an insurer is providing a defense in the underlying suit, there is no cognizable cause of action for bad faith under California law, are inapposite. Those cases did not involve a situation where, as here, the insurer was providing a defense – albeit insufficiently – unilaterally withdrew that defense, and only agreed to resume the defense after the insured was forced to retain counsel and file suit. The tort of bad faith, as any other tort, is actionable once the insured has sustained actual damage. <u>Gourley v. State Farm Mutual Auto Insurance Co.</u>, 53 Cal.3d 121, 129 (1991). <u>See</u> also <u>Hamilton v. Maryland Casualty Co.</u>, 27 Cal.4th 718, 727 (2002). Given the present circumstances, FMI has clearly suffered damages in the form of attorneys' fees and costs which, but for the actions of National, it would not have been forced to incur.

## IV.

## CONCLUSION

National failed to provide an adequate defense to FMI in the underlying actions and unilaterally withdrew its defense without any basis. National could have, and should have, complied with its duty to defend and settle the underlying actions, but did not. Indeed, it was not until FMI was forced to incur significant costs and fees to file suit that National finally agreed to do that which it should have done in the first place: provide a defense to its insured. Having done so, National now seeks to prevent its insured from seeking payment of the damages which National has caused. However, even if tomorrow National paid its policy limits and settled the underlying actions, it still remains liable to the plaintiff for the damages caused by the wrongful failure to defend, and plaintiff has the right to recover those damages <u>now</u>, rather than allowing National to unnecessarily delay the

/ / /

1  inevitable. National's motion should be denied.

2

3                                          Respectfully submitted,

4
   Dated: March 6, 2008                    GRECO TRAFICANTE SCHULZ & BRICK
5

6
                                           By: _____
7                                              Clyde C. Greco, Jr., Esq.
                                               Peter J. Schulz, Esq.
8                                              Jon S. Brick, Esq.
                                               Attorneys for Plaintiff
9                                              FREDERICK MEISWINKEL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28