SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
bruce.celebrezze@sdma.com
ROBERT N. BERG  Bar No. 099319
robert.berg@sdma.com
DEAN J. MCELROY  Bar No. 213132
dean.mcelroy@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635

Attorneys for Defendant
NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MEISWINKEL, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>Defendants. | CASE NO. 07-05064 WHA MED<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO MOTION TO STAY PROCEEDINGS**<br><br>Date:        March 27, 2008<br>Time:       8:00 a.m.<br>Courtroom: 9<br>Judge:      William H. Alsup |

Defendant National Fire Insurance Company of Hartford ("National") files the following reply to Frederick Meiswinkel, Inc.'s ("FMI") opposition to National's motion to stay.

## I. <u>INTRODUCTION</u>

Plaintiff FMI's opposition to National's motion to stay this proceeding is based almost exclusively on allegations of bad conduct.  Essentially, FMI states that National acted improperly, and thus the bad faith case should be allowed to proceed.  The "Argument" section of FMI's opposition brief is one page in length, was filed very late, and states no opposition that substantively rebuts the position set forth by National in its moving papers.

## II. ARGUMENT

As noted in National's moving papers, the tort of breach of the implied covenant of good faith and fair dealing, similar to all torts, is completed only if plaintiff can prove damages. Specifically, the California Supreme Court has stated that the tort of breach of the implied covenant is not actionable unless plaintiff can prove the conduct "causes financial loss to the insured". *Gourley v. State Farm Mut. Auto Ins. Co.*, 53 Cal.3d 121, 129, 3 Cal.Rptr. 2d 666, 822 P.2d 374 (1991). With respect to a claim involving breach of the duty to defend, an insured cannot state a claim for damage if at least one insurer is providing a defense to that insured. *Ceresino v. Fire Ins. Exchange*, 215 Cal.App.3d 814, 823, 264 Cal.Rptr. 230 (1989); *Horace Mann Ins. Co. v. Barbara B.*, 61 Cal.App.4th 158, 164, 71 Cal.Rptr. 350 (1998); *Ringler Assoc. v. Maryland Cas. Co.*, 80 Cal.App.4th 165, 1187, 96 Cal.Rptr. 2d 136 (2000). FMI did not even attempt to rebut this point, raised by National in its moving papers, when FMI filed its opposition.

Here, after National agreed to participate in the defense of FMI in the underlying case, plaintiff's counsel, Peter Schultz, even assisted National in making arrangements for National to contact Zurich American Insurance Company, the other insurer now sharing in the defense of FMI and the underlying suit. Attached hereto as Exhibit 1 to the Declaration of Robert Berg is a true and correct copy of an e-mail received by Robert Berg, National's counsel, from Peter Schulz, counsel for FMI, which was sent to allow National an opportunity to make arrangements with Zurich to pay fees for the defense of FMI in the underlying case. Thus, the fees that were paid, were paid by Zurich, not FMI. FMI has no damages.

In FMI's opposition brief, there was no evidence offered showing that FMI itself has paid any defense fees. The only fees discussed would be fees incurred to obtain coverage for FMI from National. These fees cannot be recovered from National, except in a bad faith cause of action, after a prerequisite showing of bad faith; and, even then, only fees incurred by coverage counsel to obtain amounts owed under the insurance policy would be recoverable. See, *Brandt v. Superior Court* 37 Cal.3d 813, 817, 210 Cal.Rptr. 211, 693 P.2d 746 (1985). Thus, the fees discussed by FMI in its opposition brief are not defense fees in the underlying case, but *Brandt*

1  fees; i.e., damages which FMI seeks in the current case and which may be recoverable only upon
2  a prerequisite showing of bad faith.

3  Thus, currently there are no contractual financial losses upon which FMI could base a
4  claim for bad faith. All defense fees owed under the contract have been paid by some insurer.
5  Theoretically, at some point in time in the future, FMI could make a claim for bad faith if there
6  is, at some later date, a reasonable settlement opportunity which the insurers refuse to accept,
7  which involves covered damages and which results in a judgment that the insurers refuse to pay.

8  For now, however, as noted in the moving papers, FMI is receiving a full defense from
9  the two insurers. Thus, as noted in National's moving papers, there is no current cognizable
10 cause of action for bad faith under California law. Although FMI contends that National is liable
11 for bad faith for allegedly not providing a full and complete defense, FMI has not demonstrated
12 that it has been damaged by National's alleged wrongful conduct in this regard. The insured is
13 receiving a full defense, and the insurers are entitled to continue in that litigation. The California
14 Supreme Court has stated that when an insurer is participating in the insured's defense:

> [U]ntil a judgment in excess of Maryland's policy has been entered
> against VLP, or VLP otherwise has suffered some actual injury as
> a result of the alleged breach of the covenant of good faith and fair
> dealing,

19 there can be no finding of any damage as respects to the insured. *Hamilton v. Maryland Cas.*
20 *Co.*, 27 Cal.4th 718, 727, 117 Cal.Rptr. 2d 318, 41 P.3d 128 (2002).

21 Based on the above, there is absolutely no basis upon which this case should proceed. As
22 noted in the moving papers, the California Supreme Court and several appellate courts, have
23 determined that a declaratory relief action should be stayed when the facts necessary to insurance
24 coverage will be litigated in the underlying case. This is necessary to eliminate the risk of
25 inconsistent factual determinations. Moreover, if there are two active cases in which facts can be
26 litigated, it is the underlying case that must move forward first. See, *Montrose Chemical Corp.*
27 *v. Superior Court*, 6 Cal.4th 287, 301, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993); *California*
28 *Insurance Guaranty Assoc. v. Superior Court*, 231 Cal.App.3d 1617, 1627, 283 Cal.Rptr. 104

1  (1991); and *General of America Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 471, 65 Cal.Rptr. 750
2  (1968).

3  In the present matter, as noted, the insured, FMI, is receiving a full defense. There may,
4  as noted earlier, at some point in time in the future, be some allegation of a failure to indemnify.
5  This issue has clearly not occurred yet. However, even if it were to occur, it would be based
6  exclusively on a set of facts which must be determined in the underlying case. The underlying
7  case will determine if FMI has any legal liability and, if so, what the liability is for. In other
8  words, what type of damages, if any, were caused by FMI in the underlying case. These facts
9  must be the subject of adjudication in the underlying case. Once determined, the details of that
10 factual adjudication would then later be applied in the coverage case to determine what amount,
11 if any, would be owed as indemnity payments by the insurers on behalf of FMI. There simply is
12 no current controversy upon which to proceed in this current bad faith litigation.

### III. CONCLUSION

14 For the reasons set forth herein and in the moving papers, National's motion to stay
15 proceedings in this coverage suit should be granted, and this coverage suit should be stayed until
16 the underlying action resolves.

18 DATED: March 13, 2008                SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:      /s/ Robert N. Berg
　　BRUCE D. CELEBREZZE
　　ROBERT N. BERG
　　DEAN J. MCELROY
　　Attorneys for Defendant
　　NATIONAL FIRE INSURANCE COMPANY
　　OF HARTFORD