SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE Bar No. 102181
bruce.celebrezze@sdma.com
ROBERT N. BERG Bar No. 099319
robert.berg@sdma.com
DEAN J. MCELROY Bar No. 213132
dean.mcelroy@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MEISWINKEL, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>Defendant. | CASE NO. 07-05064 WHA MED<br><br>**DEFENDANT NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JON S. BRICK SUBMITTED BY PLAINTIFF IN SUPPORT OF ITS OPPOSITION TO NATIONAL'S MOTION TO STAY PROCEEDINGS**<br><br>Date: March 27, 2008<br>Time: 8:00 a.m.<br>Crtrm: 9<br>Judge: William H. Alsup |

Defendant National Fire Insurance Company of Hartford ("National") submits the following evidentiary objections to the declaration of Jon S. Brick dated March 6, 2008 ("the Brick Declaration") submitted by plaintiff Frederick Meiswinkel, Inc. ("FMI") in support of its opposition to National's motion to stay proceedings.

1. In ¶ 2 of the Brick Declaration, Mr. Brick testifies: "FMI was insured under three policies of insurance issued by Transcontinental Insurance Company, now [National], for the periods January 1998 through January 2001. Defense of the underlying actions was tendered to National pursuant to these polices and, in August of 2004, National agreed to defend FMI by retaining the services of attorney Geoff Wood . . . ." National objects to the foregoing testimony on the grounds that it is not based on personal knowledge, but is inadmissible hearsay. Mr. Brick has not demonstrated that he has personal knowledge of the issuance of insurance policies by Transcontinental Insurance Company, the tender of the underlying actions, or National's response to the tender. To the extent that Mr. Brick learned of the issuance of the insurance policies, the tender of the underlying actions, or National's response to the tender through a conversation with a third person or a review of the document, the same constitutes inadmissible hearsay. See Fed.R.Evid. 602, 802. Therefore, National requests that the Court strike the foregoing testimony from ¶ 2 of the Brick Declaration.

2. In ¶ 3 of the Brick Declaration, Mr. Brick testifies: "In July of 2006, however, the attorney retained by National notified its claims handler, James Teater, of problems associated with National's refusal to pay for the reasonable and authorized attorneys' fees incurred in the defense of FMI." National objects to the foregoing testimony on the grounds that it lacks foundation and is not based on personal knowledge but constitutes inadmissible hearsay. Mr. Brick's testimony is based on out-of-court statements made by Geoff Wood in a letter dated July 13, 2006, which is attached as Exhibit 1 to the Brick Declaration, offered to prove the truth of the matter asserted. See Fed.R.Evid. 602, 802. Therefore, National requests that the testimony set forth in ¶ 3 of the Brick Declaration, as well as Exhibit 1, be stricken in their entirety.

3. In ¶ 4 of the Brick Declaration, Mr. Brick testifies: "As a result of CNA's wrongful refusal to defend its insured, FMI retained our law firm to protect its interest. Under the threat of litigation, National agreed ultimately, along with one of FMI's other insurers, Zurich North America, to jointly retain the services of the law firm of Burnham & Brown to continue with FMI's defense." National objects to the foregoing testimony on the grounds that it lacks foundation and is not based on personal knowledge but constitutes inadmissible hearsay.

Mr. Brick has not demonstrated that he has personal knowledge of CNA's decision regarding whether or not to defend FMI, Zurich North America's decision to defend FMI, or the insurers' determination to retain the law firm of Burnham & Brown. To the extent that Mr. Brick learned of the actions taken by National and/or Zurich through a conversation with a third person or a review of a document, the same constitutes inadmissible hearsay. See Fed.R.Evid. 602, 802. In addition, Mr. Brick has failed to provide a foundation for the statement that National agreed to retain the law firm Burnham & Brown "[u]nder the threat of litigation." Moreover, Mr. Brick's characterization of CNA's decision as a "wrongful refusal" and his characterization of National's motivation as arising from the "threat of litigation" constitute impermissible argument and statements of legal conclusions without factual foundation. Therefore, National requests that the testimony set forth in ¶ 4 of the Brick Declaration be stricken in its entirety.

4. In ¶ 7 of the Brick Declaration, Mr. Brick testifies: "Notwithstanding this agreement, National continued its pattern of practice of refusing to pay for its share of reasonably incurred defense fees, delayed payment of invoices, and engaged in other conduct establishing its failure to provide a full and complete defense. It became clear that its efforts were more geared towards finding a way out of coverage than in defending its insured, FMI." National objects to the foregoing testimony on the grounds that it is not based on personal knowledge but constitutes inadmissible hearsay. Mr. Brick has not demonstrated that he has personal knowledge of National's actions and conduct in providing a defense for FMI. To the extent that Mr. Brick learned of the actions and conduct of National as set out in his testimony through a conversation with a third person or a review of a document, the same constitutes inadmissible hearsay. See Fed.R.Evid. 602, 802. In addition, Mr. Brick's testimony in ¶ 7 constitutes impermissible argument and opinion and statements of legal conclusions without factual foundation. Therefore, National requests that the testimony in ¶ 7 of the Brick Declaration be stricken in its entirety.

5. In ¶ 8 of the Brick Declaration, Mr. Brick testifies: "Upon receipt of this decision to wrongfully withdraw from the defense of its insured, FMI once again enlisted the services of our firm to attempt to compel National to abide by its contractual terms and comply with

California law. . . . These letters evidence the continued refusal on the part of National to investigate the claim and provide its insured with a defense." National objects to the foregoing testimony on the grounds that it constitutes impermissible argument and opinion, and involves legal conclusions without factual support or foundation. Therefore, National requests that the foregoing testimony set forth in ¶ 8 of the Brick Declaration be stricken.

6. In ¶ 9 of the Brick Declaration, Mr. Brick testifies: "As evidenced by this correspondence, FMI repeatedly provided CNA [National] with sufficient evidence to establish a duty to defend. National refused to engage in any type of investigation on behalf of its insured, and continued to deny a defense to FMI." National objects to the foregoing testimony on the grounds that it is not based on personal knowledge but constitutes inadmissible hearsay. Mr. Brick has not demonstrated that he has personal knowledge of National's decision regarding whether or not to provide a defense to FMI. To the extent that Mr. Brick learned of National's decision regarding whether or not to provide a defense to FMI through a conversation with a third person or a review of a document, the same constitutes inadmissible hearsay. See Fed.R.Evid. 602, 802. In addition, the testimony in ¶ 9 constitutes impermissible argument and opinion, and involves statements of legal conclusions without factual foundation or support. Therefore, National requests that the testimony set forth in ¶ 9 of the Brick Declaration be stricken in its entirety.

7. In the first sentence of ¶ 10 of the Brick Declaration, Mr. Brick characterizes materials provided to National in a December 19, 2007 letter as "even further evidence of National's obligation to defend." National objects to the characterization on the grounds that it constitutes impermissible argument and opinion, and involves statements of legal conclusions without factual foundation or support. Therefore, National requests that the testimony set forth in the first sentence of ¶ 10 of the Brick Declaration be stricken.

8. In ¶ 11 of the Brick Declaration, Mr. Brick testifies: "National failed to have a claims representative present at these mediations, and refused to offer any money towards the settlement – relying on its decision to deny a defense. The failure of National to appear for mediation has had a chilling effect on the settlement process for several reasons. First, National

was not at the mediation with any money to contribute towards settlement. Second, the refusal on the part of National to participate provided the excess carrier over National's primary coverage a very simple and easy response to our demand that it contribute towards a settlement. That is, the excess carrier obviously will not contribute until such time as the primary carrier has exhausted."

National objects to the foregoing testimony on the grounds that it is not based on personal knowledge but constitutes inadmissible hearsay. Mr. Brick has failed to set forth facts showing that he personally appeared at the mediations referenced in ¶ 11 of the Brick Declaration. To the extent that Mr. Brick learned of what happened at the referenced mediations through a conversation with a third person or a review of a document, the same constitutes inadmissible hearsay. See Fed.R.Evid. 602, 802. In addition, the foregoing testimony set out in ¶ 11 of the Brick Declaration constitutes impermissible argument and opinion, and involves statements of legal conclusions without factual support or foundation. Therefore, National requests that the foregoing testimony set out in ¶ 11 of the Brick Declaration be stricken.

9. In ¶ 12 of the Brick Declaration, Mr. Brick contends that "[t]his Court should be aware of the fact . . . .." National objects to the foregoing testimony on the grounds that it constitutes impermissible argument and opinion. Therefore, National requests that the foregoing testimony in ¶ 12 of the Brick Declaration be stricken.

10. In ¶ 13 of the Brick Declaration, Mr. Brick testifies in part: "FMI has incurred in excess of $85,000 in attorneys' fees and costs as a result of the above-described bad faith conduct." National objects to the foregoing testimony on the grounds that it lacks foundation as to the purported amount of fees and costs incurred. Mr. Brick has not attached any documentation which would support the statement regarding the amounts incurred by FMI. In addition, Mr. Brick's characterization that the purported amounts incurred by FMI were "as the result of the above-described bad faith conduct" constitutes impermissible argument and opinion, and involves the statements of legal conclusion without factual foundation or support. Therefore, National requests that the foregoing testimony set forth in ¶ 13 of the Brick Declaration be stricken.

For the foregoing reasons, defendant National Fire Insurance Company of Hartford respectfully requests that its evidentiary objections to the Declaration of Jon S. Brick, which is dated March 6, 2008, be sustained.

DATED: March 13, 2008

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Dean J. McElroy
BRUCE D. CELEBREZZE
ROBERT N. BERG
DEAN J. MCELROY
Attorneys for Defendant
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD